3 1 7 0 from the Western District of Missouri United States vs. Keith Carnes Judge it appears maybe mr. Copy has Problems mr. Copy are you still with us? I'm with us. I it just kicked me off Okay, but you're back and you can see the timer now. I'm back and I can see Nothing, but me right now and I have a bunch of little squiggles here that I can pin but No, no No video, so I'm seeing myself right now and no timer For the appellate I'm not sure about the pronunciation. Mr. Janab. Yes. Thank you judge. Okay, very good. You may proceed Thank you, your honor May it please the court and counsel. I'm John Janab. I represent Appellant Keith Carnes Mr. Carnes was convicted after a jury trial on a three count felony indictment Count one charged him with being a felon in possession of a firearm during a two-week period In 2000 in August of 2016 count to Start mr. Carnes with being a user in possession of a firearm on the same dates for the same firearm count three Charged. Mr. Carnes with being a user in possession of a firearm on a different date, February 10th of 2013 After trial, mr. Carnes was convicted on all three counts and ultimately received a sentence a controlling sentence of 240 months Following which he filed a notice of appeal on appeal Mr. Carnes presents three issues one Relates to the sufficiency of the evidence of the user in possession charges counts two and three the second issue relates to counts one and two And argues that those counts are multiplicitous the final issue Okay I've lost mr. Can you hear me? Okay, we can hear you now. We lost you there momentarily We're losing him again Judge Judge judge woman and judge Cobus is he frozen on your monitors? Okay All right, miss McKee. Yes, I judge I'm going to stop the clock and remove him and Have him join again. Thank you your honor. The parties are in agreement as to the second issue Multiplicity and we're jointly asking for a remand on that that on the third issue I do feel that the briefing has set forth the issues for the court's consideration on both sides and would Essentially rely on my brief and must the court has class. Okay. Can you just remind me judge Cobus here? What what is your third issue? But my chart here has them in a different order. So we would Issue you you're saying is is agreed The one that you want to rely on your briefs is what that's that's the reasonableness of the sentence that So, thank you sure and and so your honors that leaves the the sufficiency argument and basically our argument on that is that The government presented evidence of drug use on the day of mr. Carnes arrest with respect to count Two it was on two occasions Within that two-week period that I mentioned with respect to count three, which is really the one I want to focus on It was only with respect to the day of his arrest on February 10 of 2013 and I would respectfully submit that that evidence is insufficient to sustain a conviction Because this court has held that a conviction under the user in possession statute requires a temporal nexus between the possession of the gun and regular drug use not not just drug use on the day of the Can your honor still hear me? Yes. Oh good. Thank you Not just use on the day of his arrest as the court stated in United States versus Turnbull that addition of a temporal nexus between the gun possession and regular Drug use frequent regular use is a necessary one in order to prevent the statute from being Unconstitutionally vague In its brief the government treats possession on the day of arrest as an alternative that makes it unnecessary to prove repeated or frequent use and That is based on a fundamentally mistaken premise They are not all judge Colbis here Didn't your client admit though to frequent drug use or am I Misunderstanding you're misstating the record. No, you're absolutely correct as mr. Coffey pointed out in his brief He was asked on cross-examination whether he frequently used marijuana and he said yes What was missing from that question and answer was any? timeframe He got well, but we have a time frame In the sense that we know he was using at the time of the arrest, right and then We have a background admission that he used frequently. So if you add those two together Why isn't that enough? That's a great question judge. My response would be that These two incidents were separated in time by so much that you can't say you can't say using on February 10 of 2013 and using on August 16th of 2016 is frequent or regular use. Those are three and a half years apart Now what he did say he was just generally a frequent user or am I wrong on that, right? I mean and he didn't qualify it as far as well two years ago. I used to smoke weed, but now I don't He just said I'm a frequent drug user he did you you are absolutely correct my My my take on that. Okay is he offered his testimony in November of 2019 right one of these incidents occurred in August of 2016 the other in February of 2013 can can we really say that a statement in November of 2019 that it is in no way qualified. It's a he says, yeah, I use marijuana frequently Can we really relate that all the way back to say that on February 10 of 2013? He was a regular user No, the only evidence was that he was at the time of his arrest he was under the influence of marijuana At the time of what arrest in 2013? At the 2013 arrest Yes, so he was he was using in 2013. Yes on that date. And yes, absolutely He was using on that date. He admitted it to the police and he and he failed field sobriety tests So the the my point judge is that I February 10 of 2013 the government's burden as to that date was to show that as of that date he was a regular user and a frequent user in around that date, right and my point or my argument anyway, is that as to February 10 of 2013 the only evidence was used on that specific date That that's pretty much my argument And Judge I think with respect to the the need for that. I I've laid out in the in the briefs multiple multiple circuits Every one of which agrees that there the requirement is that there be proof of Regular, not just one time but regular use Prior to and up to the time of the possession of the firearm And that That That's pretty much unless the court has other questions That's that's pretty much what I wanted to say and I'd be happy to reserve the rest of my time for a rebuttal Okay, thank you mr. Copy for the government Phil you're muted All right, my bad not having a great day already My name is Phil copy and I represent the government in this case. Thank you for that In reviewing my brief this morning, I was left with the question of how we ended up convicting him To but that's only because I see I left out some sentences in my statement of facts where he actually possesses the firearm those I'll send a letter to the court that somehow three sentences got dropped out of my brief So it would appear that in one of the instances he didn't have a weapon at all, but it is it is in my argument So The other thing I wanted to start out with is I do agree with mr. Jinnah We have a problem here under his argument, too as we indicate in our brief We should have two sentences and two terms of supervised release Not three terms of supervised release And so I think we were in agreement that the judgment in this case needs to be Needs to be amended With respect to the Sentencing since mr. Jinnah has submitted that on the brief Does the government Appellant said it need the matter needs to be remanded for the district court to take care of this you agree that that's the that's the Right, but I don't think a resentencing is is necessary. I think the court can simply correct the judgment I don't know if mr. Jinnah agrees, but I think that's the correct. That's the correct remedy here Okay, we'll see and with respect to the the sentencing issue Since mr. Jinnah submitted that on the brief unless the court has any questions, I will Confine my argument to the to the first argument We start with the Unassailable proposition that is illegal for an unlawful user of a controlled substance possess a firearm As we put out in our brief the government is not required to prove that the defendant possessed the firearm while contemporaneously using a controlled substance It's sufficient for the government to demonstrate that the use of the controlled substance During the period of time that the defendant possessed the weapon The firearm not that there was actual use at the time. The officers discovered the possession of the firearms So, let me let me just go to it in 2013 was there a use at the time of the possession or not Yes. Yes, there was The government's argument that that's sufficient in and of itself Well, our argument is is yes that if you look at the instruction that the jury was submitted It basically says I mean before I go any further Let me say that we have argued of course that we had more than that He basically Get into trouble this evening and have to have a firearm on in my front seat and I happen to run into someone and smoke some marijuana and Drive home and I'm caught Is that sufficient for conviction of the statute if I have marijuana in my system and a firearm in my possession? well, yes, I and I think that avoids any possibility of Vagueness Our argument judge and I and I understand what you're saying, but our game would be that if you choose to use Illegal drugs then get rid of your weapons do not have those weapons Well, the statutory language just says user and what I was relying on If you look at page 20 of the government's brief, but we're relying on is the instruction before I go any further I know what the court will often say. Well, these are approved instructions, but we didn't approve them They're just patterned instructions However, if you look at the Turnbull case and you look at the instruction that they approved in that case It is very similar to what we have here. And I think this is where argument rest judge It says the phrase unlawful user of a controlled substance being a person who uses a Controlled substance in a manner other than prescribed by a licensed physician. So when you're in your Hypothetical is he using it? He is now it may be his first time But he's using it. The second says sentence says the defendant must have been actively engaged In use of a controlled substance during the time he possessed the firearms But the law does not requirement he used the controlled substance at the precise time Well, guess what? We have one of those rare instances where he is using The firearm I mean using the drugs at the precise time and he does this in both instances It seems to me that This individual is precisely the person that Congress Was aiming at when it when it passed the statute now the part of the regular use comes in because normally we don't have this Kind of evidence. We don't have evidence. The guy is actually under the influence and he's got a weapon Usually it's it's different It's he may have been using a few days earlier or a few days later Or maybe they find some drugs in his car And so they basically have to go back and make a case now before I get any further One of the things that's interesting about this case, and I don't blame mr. Janoff for raising the argument, but this was never contested at trial You could read the three or four pages of closing argument, and I'm not sure what the defense was arguing here They assumed I think correctly that the defendant had testified his way out of any kind of Defense here since he said and again He regularly used or I think the word was frequently and with respect to the time frame that we're talking about I mean he's being asked about you know, you know, he's been charged with conviction or crimes that occurred in 2013 and 2016 and that's what he's being questioned about So when he says yeah I Frequently used and then he went on to say yeah When the police stopped me and I had marijuana in my possession, they usually just step on it. They don't they don't arrest me. So So we have the the additional evidence that we need we have two instances both the same where he's driving vehicles It's got drugs in the car and he's under the influence So we don't have to base it simply on one and we don't have to simply basis on But I've got my argument here is or our argument is is that in this sort of narrow? Situation where you we rarely see it it fits Such use is not limited to the drugs on a particular day or within a matter of days or weeks before trial But rather the unlawful use has occurred Recently enough to indicate that the defendant is actively engaged in such conduct and obviously he was actively engaged in possessing Marijuana because he had it in his system and he had it in his car This the instruction goes on to say that an inference that the person was a user of a controlled substance may be drawn from evidence a of a pattern of use or Possession of a controlled substance that reasonably covers the time period the firearm was possessed So they're basically saying okay, if you don't have what we have then this is how you can prove it But what we have here was he's under the influence. That's not disputed He has the firearm. That's not disputed Now if the court has looked at the PSR in connection with The sentencing arguments, you'll note that it's replete with evidence that this defendant has been using drugs forever We could have put that on I think the a USA who was in charge of this was a fearful of gilding the lily here thinking that we had plenty But if you look at that, you can see that he had I think a drug conviction that goes back possession back in 2000 and Back when he was 17 years old that evidence, of course that I'm referring to that's in the PSR Most of it is not in the record because again the the Question of whether he was a drug user wasn't really an issue I mean not a contested issue was an issue obviously wasn't a contested issue So our argument here is is that under the existing case law? We do have the other evidence if that in fact is what we need here But I think our threshold position is in situations where you have someone here who on two occasions on Two occasions is caught under the influence with drugs and with a gun That seems to me that that's precisely the sort of conduct that Congress targeted and the argument that well No, it's not enough. We've got to show that he's a regular drug user You know, this guy is more dangerous than somebody who may be used last week and the week before that I mean this guy is obviously a threat and We found out exactly what happened with respect to what he was fleeing It's hard to believe that he is being intoxicated on drugs Result or have something to do whether with the fact that that ended up in a vehicular homicide So the whole purpose behind the statute it seems to me is to ensure that people who are actively Using drugs don't have a firearm in their possession and this individual is just such an individual And so when you have these cases that say well you need regular drug use They're not cases like this where you have an individual who both has the firearm has the drugs is under the influence And it's caught, you know at the scene But I'm sorry does the word regular appear in the statute or in the instructions Judge it comes from it comes from case law Which I which I submit is are not in point. Yes. It's not in the it's not in the instruction That's the point and it's and it's it's not in the statute the regular comes in because the court has said and I think it's in instances where You don't have simultaneous possession. It's like in order to make this statute not vague We have to have some sort of temporal nexus. That's what the cases say You need a temporal nexus and so it's got to be can't be too remote But our argument here is that we have the temporal nexus. We have them right on top of each other We have them at the same time. We shouldn't have to go back and say well, okay Can we prove that he used last week or can we prove that he used last month? I mean, we know he was possessing we know he was using that can't possibly be vague as to him But you know, I I admit I do not have a case Which involves this exact situation where the court has said exactly what I want I'm relying essentially on the fact that this instruction that we set out at page 20 of our brief was approved By the court in Turnbull or or a very similar version rather and that it doesn't require regular drug use It basically says what it says We don't have to show is we don't have to show that he used to control substance at the precise time and here We have the precise time So we prove more than the instruction requires The hiatus as it were between the events is irrelevant in your analysis of this case Well, my it's not irrelevant, but I'm arguing that it's not It doesn't it doesn't hurt us. I mean there's a hiatus of like three years, but you know, he's doing something The reason that that it doesn't it's we've got two separate occasions There are three years apart But then when you add to the fact that you know He said I'm a frequent user admitted that he was a frequent user of marijuana He admitted that you know, he got stopped by police and they would stomp on it and take it away from him I'm saying that that's certainly in its totality the jury can it could infer based on multiple innocence and river it's it's all inferences that that are derived in you know in favor of the of the government in favor of the Conviction so it's not that the time frame is is irrelevant. It's that it It isn't it isn't dispositive in a sense that well, it's too far apart and when mr. Jobs says well We don't know what time frame he was talking about again. He was being questioned about incidents that occurred in 2013 and 2016 and he said yeah, I was using marijuana. So if we needed evidence of other use, I think we have it here I see we had 140 left on the clock and I don't need to use all my time unless there are questions Thank you Okay, thank you, mr. Copy mr. Janab you may Begin when you're ready. Thank you your honor first the hypothetical that was posed of a law-abiding citizen who happens to use marijuana one time and Is in possession of a firearm there is absolutely no doubt that that person is not covered by the statute and the reason for that is Because of the judicial gloss that has been applied to the statute for that precise reason to avoid a vagueness problem and What the courts have done? Unanimously every appellate court that is considered the issue has been to say that the requirement for proof under this statute is That there must be Regular use it must go on When the use doesn't coincide with the possession in other words the vagueness is a user And whether there's temporal proximity to possession But if I'm using what I'm caught with a gun that issue the vagueness there goes away doesn't it It doesn't according to the case law judge according to the cases that I that I've cited which all of them pretty much say exactly the same thing that The the Group the term unlawful user is a status Element, I mean you have to belong to that group of people the case law says that you don't User right why you have used okay But Exactly that what the what the courts are saying is an unlawful user is a person here Well, let me quote US v. Cook, okay the Seventh Circuit case from 2020 that I cited my brief and What they what the court says in that case is unlawful use of a drug entails one Use other than as lawfully prescribed by a physician, okay, so that would be you using one time but also to use that was both regular and ongoing A positive test and possession at the time of possession of the firearm No, no, so isn't I mean why isn't that important here? I mean, it seems fairly obvious to me as a matter of this pure Interpretation of words here that if I'm smoking weed, I'm a user of an unlawful controlled substance If The the term is unlawful user alright the way that the the way that the courts have defined that term is To say that an unlawful user has to be someone who has used enough Okay, they've had enough you Again, those cases don't deal with possession or use at the time of possession That's that's the bridge that courts use when you don't have the temporal proximity in this case We do on two occasions and I don't want to belabor the point, but that's that's what I struggle with in this case. I Suggest and it's one of those unusual cases where you don't have to prove that because you actually you caught him red-handed Judge I Definitely understand what you're saying. I will say that at least in my research Not only has there never been a conviction Affirmed where there was only proof of one-time use But there has never been a suggestion in any of these appellate cases that that would suffice I Think the whole rationale of the court's rulings is That that doesn't suffice That there does have to be regular use before a person can be deemed to have notice that they fall within The class of persons prohibited under this subdivision of the statute And that's that's our position In other words under your analysis everyone is entitled to one free as it were use Yes, and and in fact maybe more than one judge For purposes of being a felon for having a firearm Doesn't mean they're entitled to a free use for purposes of the drug laws And of course the frequency or the use Aspect or involving a firearm is that this that it connotes the increased dangerousness of a person of that nature Correct or of that drug habit in nature, correct? Yes Individuals Right Well, mr. Janab at the this was a jury trial, correct correct and the appellant testified That's right, and I thought I understood that he testified as to his use on another occasion at least one other occasion He Admitted in his testimony that he used on the 2013 occasion he admitted that he used on the 2016 occasion and he testified with no time reference that he was a frequent user of marijuana Okay, why does why doesn't his own testimony? Supply the necessary proof and I'm thinking about that the Turnbull case Where there was proof of use on two occasions which was found sufficient The The reason that it doesn't qualify judge is that the two instances here were three and a half years apart and the testimony about frequency frequent use was Not given any time frame at all Good Now I would just note if I could real quickly that That that person admitted to a time frame. He's he admitted using methamphetamine for a year Prior to his possession when he was charged and Also to becoming high a couple of times within the same week that the firearms were found in his home So I do think that's that significantly distinguishes the case Okay, thank you very much Thank you counsel for your arguments. The case is submitted and the court will render a decision in due course You